**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Elena Estrada,<br><br>Plaintiff,<br><br>v.<br><br>Odyssey Services Incorporated,<br><br>Defendant. | No. CV-23-00501-TUC-CKJ<br><br>**ORDER** |

On November 9, 2023, Plaintiff lodged an affidavit of inability to pay costs or give security for the commencement of this action, and it appears that she meets the *in forma pauperis* requirements of 28 U.S.C. §1915.

Plaintiff's Complaint states that she seeks relief for violations of Title VII of the Civil Rights Act of 1964 based on age discrimination. In order to prove a *prima facie* claim of Title VII discrimination based on disparate treatment and satisfy the first step of the *McDonnell Douglas* test,[1] the plaintiff must show that: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to an adverse employment

---

[1] Disparate treatment occurs where an employer treats a particular person less favorably than others because of a protected trait. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) created a burden shifting framework for making a case of discrimination: "If established, the *prima facie* case creates a rebuttable presumption that the employer unlawfully discriminated against the plaintiff." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). Then, the burden shifts to the employer "to articulate a legitimate, nondiscriminatory reason for its action." *Id.*

1  action; and (d) similarly situated employees not in her protected class received more
2  favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U.*
3  *Lim Am., Inc.,* 296 F.3d 810, 818 (9th Cir. 2002)).

4        Rule 8 of the Federal Rules of Civil Procedure provides that the pleading (the
5  Complaint) shall contain "a short and plain statement of the claim showing that the pleader
6  is entitled to relief." Fed. R. Civ. P.8(a)(2). The purpose of Rule 8 is to prevent vague and
7  ambiguous claims and ensure that defendants will be able to frame a responsive pleading
8  (Answer).

9        It is Plaintiff's obligation to provide the grounds of her entitlement to relief, and this
10  requires more than labels and conclusions, and a formulaic recitation of the elements of a
11  cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). At
12  the pleading stage, the Plaintiff must allege enough facts, if taken as true, to suggest that a
13  claim exists. This does not impose a probability requirement at the pleading stage, it simply
14  calls for enough facts to raise a reasonable expectation that discovery will reveal evidence
15  to support the claim. *Id*. "[F]actual allegations must be enough to raise a right to relief
16  above the speculative level, on the assumption that all the allegations in the complaint are
17  true even if doubtful in fact." *Id*. at 555-556.

18        Plaintiff alleges she was terminated, harassed, "not promoted" and suffered
19  "retaliation for reporting to corporate office." She does not allege facts to support her claim
20  of age discrimination, such as her age or explain how younger employees were preferred.
21  She fails to factually support the claims of termination, failure to promote, or retaliation.
22  The Complaint is missing factual allegations as to who did what and when, and what
23  resulted from any such alleged conduct. The Court cannot discern what protected action
24  she took when she contacted "corporate offices" or what Defendant allegedly did in
25  retaliation for that conduct. She does not identify who did what, which is critical to hold a
26  corporate defendant liable under Title VII concepts of vicarious liability. *See Vance v. Ball*
27  *State Univ.,* 570 U.S. 421, 424 (2013) *("*[A]n employee is a 'supervisor' for purposes of
28  vicarious liability under Title VII if he or she is empowered by the employer to take

tangible employment actions against the victim.") The administrative claim she filed with the Equal Employment Opportunity Commission (EEOC) claim may not be incorporated by reference.[2] It too is missing critical factual allegations that are needed to state a claim under Rule 8.

All factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir.1994), and all reasonable inferences are to be drawn in favor of that party as well. *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir.1997). Dismissal is appropriate if the facts alleged do not state a claim that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility is not attained if the facts are merely consistent with his claims. *Twombly*, 550 U.S. at 545, 557. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 n.13 (9th Cir. 2000) (declining to decide whether the court was required to inform a litigant of pleading deficiencies under the PLRA, but noting that the pro se litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel) (citing *Noll*, 809 F.2d at 1448). So, while the Court may not serve as advocate for the pro se litigant nor act as legal advisor, the Court will explain the pleading deficiencies and affords the pro se litigant an opportunity to amend the Complaint. *Noll* at 1448.

In drafting her Amended Complaint, the Plaintiff must include sufficient factual details so that this Court can determine each claim existing against the Defendant, and the

---

[2] "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss, but there are some circumstances when written instruments attached to pleadings may be considered part of the pleading. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), *see* Fed.R.Civ.P. 10(c).

1  Defendant can determine the conduct it is being charged with responsibility for relevant to
2  each particular grievance. *Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

3  **Accordingly**,

4  **IT IS ORDERED** granting the Application to Proceed *In Forma Pauperis* (Doc.
5  2), without prepayment of fees and costs or security therefor, and that the Complaint be
6  filed.

7  **IT IS FURTHER ORDERED** that the Clerk of the Court shall date the Complaint
8  as filed on the day that the Clerk of the Court received the petition. *Cooper v. City of*
9  *Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

10  **IT IS FURTHER ORDERED** dismissing the Complaint, *sua sponte*.

11  **IT IS FURTHER ORDERED** that Plaintiff has leave to file an Amended
12  Complaint by March 1, 2024.

13  **IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE
14  CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE
15  DOCUMENT. The Amended Complaint must state specific allegations against a proper
16  named Defendant and identify who participated in which activities alleged in the
17  Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of
18  each Defendant. THE AMENDED COMPLAINT MUST BE RETYPED OR
19  REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF
20  THE ORIGINAL COMPLAINT OR ADMINISTRATIVE (EEOC) FILING BY
21  REFERENCE. Local Rule 7.1(c).

22  **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS
23  all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file
24  the Amended Complaint by March 1, 2024.

25  /////
26  /////
27  /////
28  /////

**IT IS FURTHER ORDERED** that the Plaintiff shall not have any *ex parte* communications with this Court, including telephone calls and letters.

Dated this 7th day of February, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge